# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL ERWIN DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civ. Action No. 13-0413 (ABJ) |
| UNITED STATES PAROLE ) | |
| COMMISSION, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Petitioner is a prisoner at the Federal Correctional Institution in Sandstone, Minnesota. He seeks a writ of mandamus to compel the United States Parole Commission ("the Commission"), as the supervising authority over federal parolees, to conduct a parole revocation hearing on an unexecuted parole violator warrant. Since petitioner is not entitled to the requested relief, and the Commission has taken steps to provide the proper relief, the Court will deny the petition and dismiss the case.

## BACKGROUND

On September 24, 1985, the United States District Court for the District of Colorado sentenced petitioner to an aggregate prison sentence of 8 years, 6 months. *See* Resp't's Ex. A. Petitioner was released to parole supervision in South Dakota on September 25, 1990, with a sentence expiration date of April 25, 1994. Ex. B. On March 4, 1994, the Commission issued a parole violator warrant, charging petitioner with, among other violations, a law violation due to his arrest on February 24, 1994, in South Dakota and resulting state charges of conspiracy to distribute

1

a controlled substance and distribution of a controlled substance.[1]  Ex. C.  The Commission's warrant was forwarded to the United States Marshals Service in the District of South Dakota with instructions that it be held in abeyance pending further instructions.  In an accompanying Memorandum, the Commission highlighted the fact that petitioner was "awaiting trial or sentencing on new charges" and instructed that the Marshals Service "not execute the warrant if the parolee is released on bond" and that it not file a detainer.  *Id.*  On April 28, 1994, petitioner was released on bond, but his bond was forfeited when he failed to appear for a motion hearing on May 5, 1994.  *See* Ex. D.

On June 18, 1998, petitioner was indicted in the United States District Court for the District of South Dakota for the same conduct underlying the state drug charges, *see* Ex. E, and an arrest warrant was issued on June 22, 1998, Ex. F.  By then, petitioner "had absconded from his parole jurisdiction," Pet. at 3, and was not arrested on the federal court's warrant until March or April 2007 when he "was retaken in Venezuela."  *Id.*; Resp't's Exs. G, G-1.  On May 22, 2007, the Commission informed the Marshals Service in South Dakota that petitioner was "awaiting trial and sentencing on new charges" and provided updated instructions with regard to the March 1994 parole violator warrant to "place a detainer and assume custody when released."  Resp't's Ex. H.

Petitioner pleaded guilty in the federal case and was sentenced on September 10, 2008, to his current sentence of 120 months' imprisonment and three years' supervised release.  Ex. I. The Commission supplemented the parole violator warrant on April 27, 2009, to reflect the latter

---

[1] "The statute from which the U.S. Parole Commission's authority over parolees derives is 18 U.S.C. § 4210.  Despite the effective repeal of that statute in 1984, Congress has consistently extended the time period that the chapter remains in effect," *Owens v. Gaines*, 219 F. Supp. 2d 94, 99 (D.D.C. 2002), the latest being until 2018, "thirty-one years after Nov. 1, 1987," Pub.L. 98-473, Title II, § 235.

conviction, Ex. C., and has lodged the parole violator warrant with petitioner's institution as a detainer. *See* Ex. A at 1, 4.

Petitioner commenced this mandamus action in March 2013 to compel a hearing under 18 U.S.C. § 4214(c) (1976) (repealed 1984). The Commission filed its response to the court's show cause order on October 30, 2013, and the petitioner filed his reply on January 9, 2014. Meanwhile, in September 2013, the Commission informed petitioner's warden of its decision to conduct a dispositional review of the detainer (to determine whether or not it should remain lodged) and provided a form for petitioner's response and a form for petitioner to request the assistance of appointed counsel. Resp't's Ex. J. Neither party has supplied an update of that proceeding.

## DISCUSSION

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable" and such relief "is hardly ever granted." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "[E]ven if the plaintiff overcomes [the] hurdles, whether mandamus should issue is discretionary." *Id.*

The Commission argues first that this action sounds in habeas because petitioner seeks to shorten his sentence. Resp't's Opp'n at 4-6. Indeed, petitioner introduces this action as seeking "to compel [the Commission] to either rule on his motion pending before [it] seeking the imposition of concurrent sentencing . . . or alternatively to conduct a revocation hearing . . . ." Pet. at 1. Hence, the Commission's argument is not without a basis. In his reply, however,

3

petitioner states that he is not "seeking an order to shorten his sentence, or have his sentences run concurrently, or compel the execution of his parole violation warrant, or redress the conditions of his confinement," Pet'r's Reply at 1, but rather that he has "asked only for the revocation hearing to which he is entitled." *Id*. at 2. Upon this clarification, then, petitioner is correct in seeking a writ of mandamus. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence" (emphasis in original)). So the question is whether petitioner is entitled to the requested parole revocation hearing.

Anyone taken into custody by a parole violator's warrant must " 'receive a revocation hearing within ninety days'." *Sutherland*, 709 F.2d at 732, quoting 18 U.S.C. § 4214(c) (1976). But the hearing requirement is not triggered until the parolee has been arrested on the parole violator warrant. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976) ("[T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant."). The record shows that petitioner was arrested in 2007 not on the Commission's warrant as he contends, Pet'r's Reply at 3, but on the federal court's arrest warrant issued for the new criminal charges. *See* Rep't's Ex. G, G-1. Since petitioner is currently serving the sentence that resulted from those charges, his "present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his [2008 conviction]." *Moody*, 429 U.S. at 86.

After this action was filed, the Commission took steps to comply with section 4214(b)(1). The statute provides:

> In cases in which a parolee has been convicted of such an offense and is serving a new sentence in an institution, a parole revocation warrant or

4

> summons issued pursuant to section 4213 may be placed against him as a detainer. Such detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application.

18 U.S.C. § 4214(b)(1). In a letter to petitioner's warden dated September 3, 2013, the Commission states that it was advised by the Marshals Service that the violator warrant "has been placed as a detainer at your institution" and that pursuant to § 4214(b)(1), it "will conduct an on the record dispositional review . . . to determine whether the violator warrant should remain as a detainer." Resp't's Ex. J. The Commission enclosed forms for the warden to complete with regard to petitioner's sentence "and institutional adjustment" and forms for petitioner to use if he wished to comment on "the disposition of the detainer" and to request the assistance of appointed counsel under the Criminal Justice Act. *Id*. Now that the Commission has initiated the procedures called for by the statute, no basis exists for issuing a writ to compel the same action.

## CONCLUSION

The Court concludes that petitioner is not entitled to the requested mandamus relief since the Commission has no duty to hold a parole revocation hearing on a violator warrant that has yet to be executed. In addition, the Commission otherwise has taken steps to address the continued viability of the detainer about which petitioner complains. Accordingly, the mandamus petition

will be denied, and this action will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

Date: June 11, 2014